Law Office of Thomas Miller
Thomas Miller, Esq.
*Attorney for Debtors*
49 Court Street
1st Floor, Metro Center
Binghamton, New York 13901

Citibank, N.A.
Attn: CEO
100 Citibank Drive
San Antonio, TX 78245

*In Re: August R. and Deborah N. Juliano*
           Chapter 13 Case No.: 11-61418

## LETTER-DECISION AND ORDER

August and Deborah Juliano (collectively, "Debtors") filed a Motion for Sanctions and Attorneys' Fees Pursuant to Section 362(k) of the United States Bankruptcy Code on August 17, 2011 (the "Motion," ECF No. 22), therein seeking judgment against Citibank, N.A. ("Citibank") for its alleged willful violation of the automatic stay instituted by Debtors' Chapter 13 bankruptcy filing. Citibank was properly served with the Motion on or about October 10, 2011. An Order granting the Motion on default was issued and docketed in this matter on November 10, 2011. (ECF No. 35.) Accordingly, a Scheduling Order was issued and docketed on the same date scheduling a damages hearing for February 23, 2012. (ECF No. 36.) Citibank was also properly served with the Scheduling Order on or about November 17, 2011. Though Citibank was given notice of the hearing in this matter, Citibank did not appear.

Section 362(k)(1) provides in relevant part that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k) (2010). Debtors in this case seek an award for unstated actual damages for emotional distress caused, together with attorneys' fees through the date of hearing in the amount of $2,047.50 (ECF No. 44).

This Court's precedent permits recovery of actual damages for emotional distress suffered as a result of a willful stay violation. *In re Burkart*, 2010 Bankr. LEXIS 385 (Bankr. N.D.N.Y. Feb. 9, 2010); *In re Beebe*, 435 B.R. 95 (Bankr. N.D.N.Y. 2010). In *Burkart*, the Court adopted the Ninth Circuit standard to determine when such damages may be awarded:

> A claim for emotional distress damages is sustainable, . . . only upon a showing of 'clear evidence to establish that significant harm occurred as a result of the violation . . . ' *Dawson v. Washington Mut. Bank, F.A.* (*In re Dawson*), 390 F.3d 1139,1148 (9th Cir. 2004). Emotional distress damages "must be more than 'fleeting, inconsequential and medically insignificant' to be compensable." *In re Griffin*, 415 B.R. 64, 68 (Bankr. N.D.N.Y. 2009) (*quoting Aiello v. Providian Fin. Corp.*, 257 B.R. 245, 250-51 (N.D. Ill. 2000), *aff'd* 239 F.3d 876, 881 (7th Cir. 2001)). An individual may establish significant emotional distress damages by presenting corroborating medical evidence, or the Court may justifiably presume the same where, 'for example, the debtor is physically threatened, the violative act constitutes an invasive and personal attack, or a tangible and substantially adverse action results from the stay violation.' *Id*.

*Burkart*, 2010 Bankr. LEXIS 385, at *13–14. Hence, this Court's task in this case is merely to apply this standard to the facts and circumstances presented.

On February 23, 2012, the Court heard sworn testimony from Mr. and Mrs. Juliano proving that they individually suffered "significant harm" that was more than merely "fleeting, inconsequential, or medically insignificant." Ms. Juliano testified that on at least two post-petition dates, Citbank automatically withdrew monies from Debtors' checking account for installment payments on a scheduled, unsecured debt owed to Citibank. As a result, she experienced a very public breakdown and became fearful that Debtors could ultimately lose their vehicle and their home, which constituted their only remaining assets. She further testified that this situation exacerbated her hypertensive condition and prevented her and Mr. Juliano from obtaining groceries and certain prescription medications. Due to the dishonoring of a check from Debtor's Citibank account on the basis of insufficient funds, Debtors were placed on a bounced check list at their regular pharmacy. Mr. Juliano described his wife as a "nervous wreck" following this chain of events.

Mr. Juliano also testified in his own right as to the mental anguish he suffered on account of Citibank's stay violation. For privacy purposes, due to the medical nature of much of Mr. Juliano's testimony, the Court will not further aggravate Mr. Juliano's unfortunate position and embarrassment by publicly recounting certain portions of his recorded testimony here. Rather, it is enough to note that as a result of Citibank's actions, Mr. Juliano was unable to obtain critical prescription medical supplies from his regular pharmacy in a timely manner, causing him to suffer both humiliation and great inconvenience at an already difficult time.

The Court is satisfied based upon its observation of Debtors and consideration of their testimony that the distress each suffered was in addition to the general stress and anxiety normally attendant to the bankruptcy process. After having carefully considered their testimony, the Court deems it appropriate to award Debtors $7,000.00 in actual damages to compensate them for the emotional distress caused. The Court further finds that the request for attorneys' fees submitted by Debtors' counsel is reasonable except for the billing of approximately four hours of travel time at counsel's full hourly rate. As is customary, the Court will reduce the travel time to a fifty percent rate, which will result in a monetary reduction of $500.00.

Accordingly, Citibank shall be liable to Debtors in the full and complete sum of $8,547.50 for actual damages, which amount includes attorneys' fees in the total sum of $1,547.50. Debtors, through their counsel, are hereby instructed to submit a proposed Judgment in accordance with this Letter-Decision and Order and Local Bankruptcy Rule 9022-1.

It is SO ORDERED.

Dated at Utica, New York
This 2nd day of March 2012

　　　　　　　　　　　　　　　　　　　　　　/s/DIANE DAVIS_____
　　　　　　　　　　　　　　　　　　　　　　DIANE DAVIS
　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge